# JULY TERM, 1884.

## PRESENT:

HON. ALBERT H. HORTON, CHIEF JUSTICE.
HON. DANIEL M. VALENTINE, } ASSOCIATE JUSTICES.
HON. THEODORE A. HURD,

THE STATE OF KANSAS v. STEPHEN E. GLEASON.

INFORMATION, *Not Duly Verified; Warrant, Not to be Issued.* It is declared by § 15 of the bill of rights in the constitution of the state of Kansas that no warrant shall be issued to seize any person but on probable cause, supported by oath or affirmation; therefore a complaint or information filed in the district court charging a defendant with a misdemeanor, and verified on nothing but hearsay and belief, is not sufficient to authorize the issuance of a warrant for the arrest of the party therein charged, when no previous preliminary examination, and no waiver of the right of such examination, have been had.

*Appeal from Allen District Court.*

PROSECUTION for a violation of § 7 of the prohibitory liquor law. At the March Term, 1884, the defendant *Gleason* was found guilty, and sentenced to pay a fine of $100 and costs, and to be committed to the county jail until the same were paid. From this judgment he appeals. The material facts appear in the opinion.

*G. P. Smith,* for appellant:

No warrant can lawfully issue upon such a complaint or information as the one in the present case, as the first step in a criminal prosecution. The only pretense of justification is found in the 12th section of chapter 128, Laws of 1881, which attempts to authorize such a proceeding, by saying it shall be sufficient if the county attorney swears that he *believes* the matters and things stated in the complaint to be true. We

insist that this provision of said §12 is unconstitutional and void—

*First,* because it conflicts with §16 of art. 2 of the constitution of Kansas; and, *second,* because it is in violation of §15 of the bill of rights.

In support of our argument touching these questions, see— Hurd on Habeas Corpus, pp. 426, 367, 370, 371, 379, 382, 383, 391, 384; 1 Bishop on Cr. Pro., §§ 893, 894, 901; *Ex parte Burford,* 3 Cranch, 448; *Ex parte Haynes,* 18 Wend. 612; *Loder v. Phelps,* 13 id. 46; *Sanford v. Nichols,* 13 Mass. 236; *Connor v. Commonwealth,* 3 Binney, 38; 2 Virg. Cases, 504; 5 Ired. 72; 1 Tyler, 444; 4 Denio, 120; 6 Hill, 429; 14 Ohio St. 213; 17 id. 640; 18 id. 481, 521; 12 id. 222; 16 id. 345; 6 Ohio, 490; 17 id. 225; 13 Gray, 575; 16 Ill. 347; 3 McLean, 326; 16 Pick. 211; Potter's Dwarris, 526; 7 Kas. 427; 31 id. 71.

*G. A. Amos,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J. : This was a prosecution for the violation of § 7, chapter 128, Laws of 1881, commonly known as the prohibitory liquor law. The county attorney commenced proceedings by information or complaint in the district court. This was verified by the county attorney upon information and belief. The defendant moved the court to set aside and quash the warrant issued upon the information, and for his discharge, for the reason that no probable cause was shown, supported by oath or affirmation. This motion was overruled. The defendant objected to being tried upon the information, declined to plead thereto, or to make any defense. The court ordered a plea of "not guilty" to be entered in his behalf, and, after the prosecution had introduced all its evidence, instructed the jury. A verdict of guilty was rendered, and defendant was sentenced to pay a fine of $100 and costs, and to be committed until the same were paid.

The question is, may a person be arrested on a warrant

issued upon a complaint or information charging a criminal offense, verified on nothing but the county attorney's hearsay and belief prior to a preliminary examination, or a waiver of the right to such an examination? Sec. 67a, ch. 82, Comp. Laws of 1879, reads:

"When the information in any case is verified by the county attorney, it shall be sufficient if the verification be upon information and belief." (Laws of 1871, ch. 117, § 3.)

Sec. 12, ch. 128, Laws of 1881, provides, among other things:

"If the county attorney of any county shall be notified by any officer or other person of any violation of any of the provisions of this act, it shall be his duty forthwith to diligently inquire into the facts of such violation, and if there is reasonable ground for his instituting a prosecution, it shall be the duty of such county attorney to file a complaint in writing before some court of competent jurisdiction, charging the suspected person of such offense, and shall verify such complaint by affidavit; but it shall be sufficient to state in such affidavit that he believes the facts stated in such complaint to be true."

If the statutes were controlling, and there was no limitation or qualification thereof and no constitutional inhibition, it is manifest that a verification upon hearsay or belief would be sufficient. The counsel for the state claims this to be so, and refers to *The State v. Montgomery,* 8 Kas. 351, and *The State v. Nulf,* 15 id. 404, as conclusive. Now § 67a of chapter 82 must be interpreted in connection with § 69 of the same chapter, which provides that—

"No information shall be filed against any person for any felony, until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace, or other examining magistrate or officer, unless such person shall waive his right to such examination : *Provided, however,* That informations may be filed without such examination against fugitives from justice."

For the purpose of instituting a preliminary examination, the statute requires that—

"Upon complaint made to any magistrate that a criminal offense has been committed, he shall examine on oath the com-

plainant and any witness produced by him, and shall reduce the complaint to writing and shall cause the same to be subscribed by the complainant; and if it shall appear that any such offense has been committed, the court or justice shall issue a warrant naming or describing the offense charged to have been committed, and the county in which it was committed, and require the officer to whom it shall be directed, forthwith to take the person accused and bring him before some court or magistrate to be dealt with according to law."

Therefore, in all cases where a person has a preliminary examination, or waives his right to such examination, the defendant is brought before the magistrate on a warrant issued on probable cause and supported by the oath or affirmation of some person. After such preliminary examination, if it shall appear to the magistrate that an offense has been committed, and that there is probable cause to believe the defendant guilty, he shall either accept bail from the defendant for his appearance to the court where he is to be tried, or, if the offense be not bailable, he shall be committed for trial. The cases of *The State v. Montgomery*, supra, and *The State v. Nulf*, supra, were prosecutions for grand larceny — felonies — and in both cases preliminary examinations were had before the filing of the informations in the district court. In the case of *The State v. Montgomery*, it was said:

"A party accused has the right to a preliminary examination and the finding of probable cause, before he can be placed upon final trial. At such examination he can be heard by his counsel and witnesses."

And, citing from *Washburn v. The People*, 10 Mich. 385, it was further said:

"The object of this verification is not, as in the examinations alluded to, to satisfy the court that the defendant is guilty. It is not for the purpose of evidence, which is to be weighed and passed upon, but only, as we think, to secure good faith in the institution of the proceedings, and to guard against groundless and vindictive prosecutions; and this object is fully met by the previous examination and a verification upon belief."

The case of *The State v. Nulf* was decided upon the au-

thority of *The State v. Montgomery,* supra, and therefore these decisions are not only conclusive against the claim of the defendant, but, if they have any bearing, rather tend to support the argument upon which the claim is presented.

Sec. 15 of the bill of rights declares:

"The right of the people to be secure in their persons and property against unreasonable searches and seizures, shall be inviolate; and no warrant shall issue but on probable cause, supported by oath or affirmation particularly describing the place to be searched, and the person or property to be seized."

Sec. 2 of procedure before justices, in misdemeanors, reads:

"Whenever a complaint shall be made to a justice of the peace, on the oath or affirmation of a person competent to testify, charging any person with the commission of any misdemeanor, he shall forthwith issue a warrant for the arrest of such person, and cause him to be brought forthwith before him for trial."

We held in *In re Donnelly,* 30 Kas. 191, that where a person is arrested and brought before a justice of the peace, charged with the commission of a misdemeanor, of which the justice of the peace and the district court have concurrent original jurisdiction, the state has no right to elect to treat the proceedings before the justice of the peace as a mere preliminary examination. Therefore, in cases of misdemeanor, of which a justice of the peace and the district court have concurrent jurisdiction, the trial must proceed upon the complaint or information filed, without any preliminary examination; and § 12 of said chap. 128 is the only authority for the verification of a complaint upon belief merely, where the defendant is not permitted to have a preliminary examination before his final trial, excepting in the cases provided for by the statute for filing informations against fugitives from justice. In this condition of matters, the question recurs upon the interpretation to be given to that clause of § 15 of the bill of rights, "that no warrant shall issue but on probable cause, supported by oath or affirmation." Of course it must be conceded that the constitution is the superior and paramount law, and that

said § 15 is declaratory of the fundamental rights of the citizen, and is intended to protect him in his liberty and property against the arbitrary action of those in authority. So long as this section is in force, the principles therein declared are to remain absolute and unchangeable rules of action and decision. The legislature cannot infringe thereon, and the courts must yield implicit obedience thereto. If no warrant shall issue but. upon probable cause supported by oath or affirmation, the support must be something more than hearsay or belief. Where a person or officer states upon oath "that the several allegations and facts set forth in the foregoing information are true, as he has been informed and verily believes," he may have no knowledge of or information upon the subject, except mere hearsay, and yet he can conscientiously make such declaration. (*Atchison v. Bartholow*, 4 Kas. 124.) A complaint thus verified proves nothing. It does not state facts, but only the affiant's hearsay knowledge and belief; it is not a complaint, an information, or a declaration supported by an oath or affirmation. (*Atchison v. Bartholow*, supra; *Thompson v. Higginbotham*, 18 Kas. 42.)

At common law, an information might be filed under the English practice against persons charged with misdemeanors, yet no rule was granted in regard to such cases except upon such evidence as would, uncontradicted, make out the offense beyond a doubt. (Arch. Cr. Pl. 76; *Rex v. Willett*, 6 T. R. 204; *Rex v. Williamson*, 3 B. & Ald. 582; *Rex v. Bull*, 1 Wils. 93; *Rex v. Hilbers*, 2 Chit. R. 163; *Regina v. Baldwin*, 8 A. & E. 168; *Ex parte Williams*, cited 1 Harr. Dig. 2268; 1 Chit. Cr. L. 856, 857.)

Said § 15 is little more than the affirmation of the great constitutional doctrine of the common law. Article 4 of the amendments to the constitution of the United States is almost identical with said § 15; and Story says that "this provision seems indispensable to the full enjoyment of the rights of personal security, personal liberty and private property, . . . and its introduction into the amendments was doubtless occasioned by the strong sensibility excited both in England and

in America upon the subject of general warrants, almost upon the eve of the American revolution." (2 Story on the Const., § 1902.)

If a warrant, in the first instance, may issue upon mere hearsay or belief, then all the guards of the common law and of the bill of rights of our own constitution, to protect the liberty and property of the citizen against arbitrary power, are swept away. There is no necessity for going so far, and the constitution warrants no such conclusion. The expressions of the bill of rights are very plain and very comprehensive, and cannot be misunderstood. The oath or affirmation of a complaint or information upon which a defendant is arrested in the first instance, must set forth that the allegations and facts therein contained are true. (See dissenting opinion of Cranch, J., in the case of *Ex parte John Atkins Burford*, 1 Cranch C. C. 376, which opinion was adopted by the supreme court of the United States in *Ex parte Burford*, 3 Cranch, 447; *The State v. J. H.*, 1 Tyler, 444; *Connor v. Commonwealth*, 3 Binn. 38; *Elsee v. Smith*, 1 D. & R. Rep., K. B. 97; *The State v. Mann*, 5 Ired. 45. See also *The People v. Heffron*,* Sup. Ct. Mich., 19 N. W. Rep. 170; *United States v. Tureaud*, U. S. Circuit Ct. E. D. La., 20 Fed. Rep. 621.)

---

[ * THE cases of *People v. Heffron*, 19 N. W. Rep. 170, and *United States v. Tureaud*, 20 Fed. Rep. 621, were decided just prior to the filing of the above opinion, but were not published or reported until after the filing of the case, and have been added to the opinion since it was filed.

In *People v. Heffron*, supra, it was held that "An affidavit alleging that the affiant has good reason to believe, and does believe, that a certain person has committed an offense, is not sufficient to authorize a justice to issue a warrant for his arrest. The affidavit must be upon knowledge, and not mere conjecture." In the opinion of the court it is said: "This affidavit, within the repeated rulings of this court as well as the most elementary principles of criminal law, is entirely insufficient to confer any jurisdiction upon a justice to issue a warrant for the arrest of the respondent. The complaint must set up the facts constituting the offense on the knowledge of the person making the complaint, and if he does not know them, other witnesses must be examined who do know them; and no person can be arrested on the mere belief of the person making the complaint. The liberty of the citizen is not held upon so slender a tenure as that."

In *United States v. Tureaud*, supra, it was held that "Informations must be based upon affidavits which show probable cause arising from facts within the knowledge of the parties making them. The mere belief of the affiant is insufficient." In that case, the affidavit of the information was as follows:

"George A. Dice, being duly sworn, says all the statements and averments in the foregoing information are true, as he verily believes. GEORGE A. DICE.
"Sworn to and subscribed to before me, this 20th day of May, 1884.
E. R. HUNT, *U. S. Commissioner.*"

In that case, the affidavit was held insufficient, and in the opinion it was said that

The State v. Gleason.

If a county attorney cannot make such a verification, then the information or complaint should be made by the oath of some one who can. If a county attorney files a complaint and verifies it upon belief, under § 12 of said chap. 128, he must also attach thereto a statement supported by the oath or affirmation of some other person willing to testify of his own knowledge that the facts and allegations stated in the complaint or information are true. If, upon being notified by an officer or other person of the violation of the provisions of that act, the county attorney makes diligent inquiry into the facts of such violation, he can, in almost all cases, obtain a statement or affidavit supported by the oath or affirmation of some person, which will justify him in filing the complaint required of him by said § 12, and such affidavit or statement may be attached to such complaint, and then the complaint will not be founded upon surmise or hearsay, but will be based in fact and in law upon probable cause supported by oath or affirmation, and thereon a warrant may issue from any court having competent jurisdiction. Of course, if the county attorney has personal knowledge of the matters and things charged in the information, he may support it by his own oath or affirmation.

Upon the return of this case to the district court, the complaint or information may be verified as the bill of rights commands, and a warrant thereon may issue for the arrest of·

"The probable cause supported by oath or affirmation, prescribed by the fundamental law of the United States, is, then, the oaths or affidavits of those persons, who, of their own knowledge, depose to the facts which constitute the offense."

In *Washburn v. The People*, 10 Mich. 372, it was held that "The verification of a criminal information by the oath of the prosecuting attorney that he knows the contents of the foregoing information, and that he has good reason to believe and does believe the same to be true as therein set forth, is sufficient;" but subsequently, in the case of *Swart v. Kimball*. 43 Mich. (1880) 443, it was held that "An affidavit attached to an information, and stating that the affiant has good reasons to believe and does believe the contents of the information to be true, is not such a verification as will warrant an arrest, especially where there has been no preliminary examination and a *prima facie* case made out." Cooley, J., in delivering the opinion in the case, says that "An information thus verified (upon belief) was sustained in *Washburn v. People*, 10 Mich. 372; but that was an information filed after the evidence of guilt had been made on preliminary examination, and the verification was required only by way of showing good faith in the prosecution, and not to make out a *prima facie* case, as this is. The constitution itself expressly requires a showing of cause before warrant shall issue. Art. 6, ¿ 26. The arrest in this case would therefore have been unwarranted, even if the law had been valid."—HORTON, C. J.]

the defendant; but the proceedings already had are erroneous. The motion to set aside the warrant ought to have been sustained; therefore the judgment of the district court must be reversed, and the cause remanded.

All the Justices concurring.

