THE STATE OF KANSAS V. J. D. MANLOVE.

33 483
43 74

PROHIBITORY LAW; *Costs Paid by County, When.* Where a county attor-
ney files an information or complaint against a defendant, under the
provisions of ch. 128, Laws of 1881, commonly known as the prohibitory
law, and verifies the same upon information and belief, and to obtain a
warrant for the arrest of the defendant has another person verify the
complaint to be true, of his own knowledge, and there is a failure to con-
vict in the case, the costs of the prosecution are to be paid by the county
in which the prosecution was begun; and the person subsequently veri-
fying the complaint as true cannot be adjudged to pay the costs, under
the provisions of § 326 of the criminal code.

### Appeal from Bourbon District Court.

PROSECUTION for a violation of the prohibitory liquor law.
At the September Term, 1884, the defendant, Barnes, was
found not guilty, and judgment was entered against *Manlove*
for the costs of the prosecution. He appeals. The opinion
states the facts.

*Bawden & Martin,* for appellant.

*J. M. Limbocker,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: On August 29, 1884, J. M. Limbocker,
as county attorney of Bourbon county, filed in the district
court of that county an information against William Barnes,
charging him with the violation of the provisions of chapter
128, Laws of 1881, commonly known as the prohibitory law.
The same was verified by the county attorney upon informa-
tion and belief, but J. D. Manlove further verified the in-
formation as true. (*The State v. Gleason,* 32 Kas. 245.) At
the September term of court for 1884, the case came on regu-
larly for trial. The defendant, Barnes, plead not guilty.
The jury found the defendant not guilty, and further found
that the prosecution had been instituted without probable
cause and from malicious motives by Manlove. The defend-

ant was discharged, and judgment entered against Manlove for the costs of the prosecution. Subsequently, Manlove moved the court to set aside so much of the verdict as related to him, which motion the court overruled. From the ruling and judgment of the court, Manlove appeals.

The question is, as to Manlove's liability for the costs. On the part of the prosecution, it is claimed that the following section of the statute is applicable:

"Whenever it shall appear to the court or jury trying the case that the prosecution has been instituted without probable cause and from malicious motives, the name of the prosecutor shall be ascertained and stated in the finding; and such prosecutor shall be adjudged to pay the costs, and may be committed to the county jail until the same are paid, or secured to be paid." (Crim. Code, § 326.)

We do not think this section applies. The information was filed and verified by the county attorney under the provisions of § 12 of ch. 128, Laws of 1881. Section 12 of said chapter, among other things, provides:

"If the county attorney of any county shall be notified by any officer or other person of any violation of any of the provisions of this act, it shall be his duty forthwith to diligently inquire into the facts of such violation, and if there is reasonable ground for instituting a prosecution, it shall be the duty of such county attorney to file a complaint in writing before some court of competent jurisdiction, charging the suspected person of such offense, and shall verify such complaint by affidavit; but it shall be sufficient to state in such affidavit that he believes the facts stated in such complaint to be true. . . If, in any prosecution begun by the county attorney under the provisions of this section, there shall be a failure to convict, the proper costs of such prosecution shall be paid by the county in which the prosecution was begun."

In order to authorize the issuance of a warrant for the arrest of the defendant therein charged, the allegations and facts contained in the information or complaint were further verified by Manlove as being true. (*The State v. Gleason*, supra; *The State v. Blackman*, 32 Kas. 615.) The statute expressly provides that in prosecutions commenced under such circum-

stances, if there is a failure to convict, the costs shall be paid by the county. (Sec. 12, *supra*.) If any other construction were given to said § 12, a county attorney might often be found liable for costs under the terms of § 326 of the criminal code, although he was attempting merely to faithfully perform his duty, as prescribed in said § 12.

The judgment of the district court rendered against the appellant will be reversed.

All the Justices concurring.