## THE STATE OF KANSAS V. HIRAM BROOKS.

1. PROHIBITORY LIQUOR LAW; *Jurisdiction.* The district court has orig-
inal and concurrent jurisdiction with justices of the peace, to hear and
determine criminal prosecutions for violations of the prohibitory liquor
law of 1881, where the punishment to be imposed cannot exceed a fine
of $500, or imprisonment in the county jail one year.

2. ———— *Information.* And the prosecution in the district court may be
upon information filed by the county attorney.

3. INFORMATION; *Verification; Issue of Warrant.* And where such infor-
mation states an offense, and is sworn to positively by some person, it is
sufficient of itself to authorize the clerk to issue a warrant for the arrest
of the defendant without any finding by the clerk or other person of
probable cause to believe the defendant guilty of the offense, and is suf-
ficient to authorize the district court to put the defendant upon his trial.

4. ———— *Verification by County Attorney.* Where an information is sworn
to positively by some person, it is not necessary for the county attorney
to also verify the information by his own oath.

5. ———— *Blank Date.* Where a county attorney files an information
on October 15, 1884, and states that the offense was committed on the
— day of ——, 1884, and does not state the day or the month when the
offense was committed, *held,* that the information is nevertheless suffi-
cient.

6. ———— *Stating Kind of Liquor.* In prosecutions for selling intoxicat-
ing liquor in violation of the prohibitory liquor law of 1881, it is not
necessary to state the kind of intoxicating liquor sold, nor the person to
whom sold.

7. CONVICTION; *Knowledge of Prosecuting Witness.* Where the information
is verified by the oath of a private person, and not by the county at-
torney, the defendant should not be found guilty of any offense, except
some offense of which the complaining witness had notice or knowledge
at the time of verifying the information.

8. ———— *Conviction and Acquittal; Costs.* Where a defendant is prose-
cuted in separate counts for several violations of the prohibitory liquor
law, and is found guilty under some of the counts and not guilty under
the others, he should not be required to pay costs accruing under the
counts under which he is acquitted, but should recover costs.

*Appeal from Allen District Court.*

PROSECUTION for a violation of the prohibitory liquor law.
From a conviction and sentence at the January Term, 1885,

the defendant *Brooks* appeals.    The opinion states the material facts.

*G. P. Smith,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution under the prohibitory liquor law of 1881.    The information was filed in the district court of Allen county, on October 15, 1884, by the county attorney, charging the defendant, Hiram Brooks, in four separate counts, with four separate violations of said law.    Each offense was charged as having been committed on the —— day of ——— 1884; and while it is charged that the defendant sold intoxicating liquors in violation of law, yet the kind of intoxicating liquors sold is not stated, nor is the name of the person to whom the liquors were sold given.    The information was sworn to positively by J. C. Gilbert, a private citizen, and the county attorney did not verify the same by his own oath.    The defendant made several motions, among which were motions to quash the information and to have himself discharged from arrest, which motions were overruled by the court, and the defendant excepted.    The defendant was duly arraigned, but refused to plead, and the plea of "not guilty" was entered for him.    A trial was had before the court and a jury.    Evidence was introduced tending to show that the defendant had sold intoxicating liquors to various persons at various times in violation of law.    The state then elected to rely for a conviction under the first count of the information, upon a sale of whisky made by the defendant to Oscar Dwindle, a sale with reference to which the prosecuting witness, J. C. Gilbert, had no knowledge or notice, and the prosecution also made elections with reference to the other counts.    The court instructed the jury, and the defendant duly excepted to the instructions as given.    The jury found the defendant guilty under the first count of the information, and not guilty under

the other counts.    The defendant moved for a new trial upon various grounds, which motion was overruled by the court, and the defendant excepted.    The court then sentenced the defendant to be confined in the county jail for thirty days, and to "pay the costs of this proceeding," and that he stand committed to the county jail until the costs were paid; to which sentence and judgment the defendant excepted, and now appeals to this court.

We think the information is sufficient.    It states a cause of action in each count against the defendant, and although it is claimed to be an information, and it is in fact an information, yet in essence and in substance it is also a complaint within the requirements of the prohibitory liquor law.    The offenses charged therein are misdemeanors in which the punishment for each offense cannot exceed a fine of $500, or imprisonment ninety days; and it has several times been held by this court that the district court has original and concurrent jurisdiction with justices of the peace to hear and determine cases of misdemeanor in which the punishment for each offense cannot exceed a fine of $500 and imprisonment one year. (*The State v. Watson,* 30 Kas. 281; Comp. Laws 1879, ch. 83, § 1.)    In justices' courts the original pleading may be properly called a complaint, but in the district court it may properly be called an information or indictment; for in the district court criminal prosecutions can be conducted or carried on only upon information filed by the public prosecutor, or upon indictments found by the grand jury. (Crim. Code in general, and articles 6 and 7 especially; see also §§ 21 and 22 of the Prohibitory Act.)    The information sets forth facts sufficient to constitute four separate offenses, and all the facts constituting the offenses are set forth in detail and in full, except as heretofore stated ; and the information is duly verified by the positive oath of J. C. Gilbert, and is sufficiently verified within the decision made by this court in the case of *The State v. Gleason,* 32 Kas. 245.

Under such circumstances, we do not think that it was necessary for the county attorney to also verify the information;

nor do we think that the failure of the county attorney to state the day and the month when the offenses were committed renders the information insufficient; for it is never necessary in criminal prosecutions to prove the allegations merely setting forth the day or the month when the offenses are alleged to have been committed. All that is necessary to be proved in any case like this is, that the particular offense charged was committed within such a time that the prosecution therefor is not barred by the statute of limitations; or, in other words, all that is necessary to be proved is that the offense was committed within two years next preceding the time of the filing of the information.

The information in the present case stated that the offenses were committed in the year 1884, and, as before stated, this information was filed on October 15, 1884. We think the information was sufficient in this particular. Authorities may be found, however, holding that it is necessary in charging criminal offenses to state a particular day and the particular month when the offense was committed; but as all the authorities agree that such allegations need not be proved, and that they answer no material purpose, it would seem that such allegations are wholly unnecessary and immaterial. Neither is it necessary in this state to state the kind of liquor sold, or the name of the person to whom sold; for the statute expressly and specifically provides that these things need not be stated. (Prohib. Liquor Law, § 21.) Of course the information in this case might have been made better than it was, and we think it ought to have been made better; but still we think it was and is sufficient. Taking the facts therein stated and the positive oath of Gilbert, it showed probable cause to believe that the defendant was guilty of the offenses charged against him, and authorized the issue of a warrant for his arrest; and it was not necessary for the clerk or any other person to make a finding that there was such probable cause. The information alone, verified as it was by the positive oath of Gilbert, was sufficient to show probable cause, and to authorize the clerk to issue the warrant. (Crim. Code, § 126.) And when the defendant was

arrested and arraigned for trial, we think the information was sufficient to authorize the court to put him upon his trial.

We now come to a more serious question: Can the defendant be convicted of an offense of which the complaining witness, at the time when he verified the information, had no knowledge or notice, and concerning which he had never had a thought? Upon sound legal principles and in all common fairness, it would seem that he should not. If he should be convicted under such circumstances, he would be convicted of an offense not intended to be charged against him, and really not charged. It is true that he would be convicted of an offense of a similar character to the one charged against him, but he would not be convicted of the exact and identical offense charged. When the complaining witness verifies an information, he must do so positively and in such a manner as to indicate that he had actual knowledge of the facts to which he makes oath; and this he does, among other things, for the purpose that a warrant may be issued against the defendant for his arrest. (*The State v. Gleason*, 32 Kas. 245.) And it must be presumed, in the absence of anything to the contrary, that he has such actual knowledge. It cannot be supposed that he makes oath to an offense of which he has no knowledge or thought. Indeed, it has often been held by courts that where a person makes oath to a thing concerning which he has no knowledge, and where he does not know whether his statements concerning the thing are true, or not, he commits perjury, although his statements may in fact be true. (2 Bishop's Crim. Law, § 1048; 2 Wharton's Crim. Law, § 1247.) Besides, as the defendant in this class of cases and in this state may be convicted of selling any kind of liquor out of the entire catalogue of intoxicating liquors, although not one of such liquors is specifically mentioned in the information; and may be convicted of selling the same to any living person, although no person's name is given; and may be convicted of selling the same at any time within two years next preceding the filing of the information, whether any particular time is mentioned in the information, or not, the defendant ought to have some other means of identifying the

offense of which he is charged, and some means for preparing for his defense; and if he cannot feel assured that he is to be tried only for some offense of which the complaining witness has knowledge, and for some offense intended at the time of the filing of the information to be charged against him, then surely he has no such means, nor any reasonable means, of preparing for his defense. In all fairness to him, it would seem that the state should not be allowed to prove any offense except some offense which the complaining witness had in contemplation when he swore to the information. Any other rule would permit a defendant to be charged in a very vague and indefinite manner with the commission of a single offense, to be tried for a hundred, or more, to be required to prepare his defense for all, and be then convicted of an offense of which at the commencement of the trial he had no thought, and for which he had made no preparation for defense, and be convicted of an offense to which he either would have made a successful defense or would have pleaded guilty and have saved all the costs and expenses of the prosecution if he had only had some sufficient or proper notice.

We know of no decided case squarely in point on either side of this question, but there are cases upon analogous questions which have some application. Some of such cases are those which hold that where a grand jury finds an indictment against a defendant, and alleges the offense with reference to some person unknown to the grand jury, the defendant can be convicted only of an offense concerning some person who was in fact unknown to the grand jury and whose name had not been disclosed to them. (1 Bishop's Crim. Pro., §§ 546 to 553; Wharton's Crim. Ev., § 97; 2 Wharton's Crim. Law, § 1511.) The constitution of the state of Kansas provides, among other things, that —

"In all prosecutions, the accused shall be allowed to appear and defend in person or by counsel; *to demand the nature and cause of the accusation against him;* to meet the witness face to face; and to have compulsory process to compel the attendance of witnesses in his behalf." (Const., Bill of Rights, § 10.)

. "And no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person or property to be seized." (Const., Bill of Rights, § 15.)

Now if a defendant may be prosecuted for selling intoxicating liquors contrary to law, without setting forth any statement of the kind of intoxicating liquors sold, or when he sold the same, or to whom he sold the same, and for an offense of which the complaining witness had no knowledge or thought when he verified the information by his oath, it would seem that these provisions of the constitution would be of but little benefit. And in cases like the present, where the entire prosecution is based and founded upon the oath of the complaining witness, his knowledge of the offense is more important than the knowledge of prosecuting witnesses usually is. The principles running through the foregoing cases and through all the decided cases that have any application to this case, and the principles embodied in the constitutional bill of rights, are that an accused person must be given a fair notice of the exact offense charged against him; that when tried, he must be tried for that offense only, and not for some other offense not charged; and that the charge, with its accompanying circumstances, must not be so uncertain and misleading as to beguile him into the belief that he is to be tried for one offense when in fact he may be tried for another.

In the present case, when the complaining witness verified the information, he had in contemplation at least four different offenses, of all of which, presumably, he had knowledge; but the defendant was not convicted of any one of such offenses, but was convicted of still another offense, and of an offense concerning which the complaining witness did not have the slightest thought or information. We think the prosecution should have been confined to the offenses which were in the mind of the complaining witness when he verified the information. If he had only four offenses in contemplation at that time, the state should have been confined to those four — one under each count of the information. If, however, he had in

contemplation a larger number, then the state should have been required to elect at the proper time as to which of the offenses and under which counts it would rely for a conviction. If the complaining witness had in contemplation fifty or a hundred or more violations of law, as possibly he had, the prosecution should at the proper time have selected some four of them, and relied upon these four for a conviction, and not have selected some supposed offense of which the complaining witness had no knowledge or thought.

We think the court below erred in permitting the defendant to be convicted of an offense which was not contemplated at the time of the filing of the information. This error pervaded the entire case — the introduction of the evidence, the instructions to the jury, the verdict and sentence, and the order of the court overruling the defendant's motion for a new trial. Both Gilbert and Dwindle were witnesses in this case; and it was shown beyond all controversy that Gilbert, the complaining witness, had no knowledge or thought at the time of or prior to his verifying the information of the offense of which the defendant was found guilty.

We also think that the court below erred in rendering judgment for costs. On three of the counts of the information the defendant was acquitted; and upon these three counts he should not have been required to pay costs, but should have recovered costs.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.