The State v Nulty.

THE STATE OF KANSAS V. PAT. NULTY.

INTOXICATING LIQUOR—*Illegal Sales*—*Information*—*Evidence.* Where a county attorney files an information charging the defendant with illegal sales of intoxicating liquor, and positively verifies the same, but files therewith, and by special averment makes a part thereof, a sworn statement of a private person who testified to illegal sales made to him by the defendant, and such person is not used as a witness at the trial, but the county attorney elects to rely on another sale made to a different person, and it sufficiently appears that at the time of the filing of the information neither the county attorney nor the person who made the sworn statement had notice or knowledge of the particular offense relied upon for conviction, the defendant should not be found guilty of such particular offense. The case of *The State v. Brooks*, 33 Kas. 708, cited, and followed.

### Appeal from Chautauqua District Court.

PROSECUTION for illegal sale of intoxicating liquor. From a conviction, at the November term, 1890, the defendant, *Nulty*, appeals. The opinion states the facts.

*Campbell & Dyer*, for appellant.

*B. S. McGuire*, county attorney, and *J. D. McBrian*, for The State.

Opinion by SIMPSON, C.: The appellant was convicted in the Chatauqua county district court of an illegal sale of intoxicating liquor. The information filed against him contained four counts. He was acquitted on the first, third and fourth counts, and convicted on the second. The following language constituted a part of the information:

"And said county attorney hereby refers to the testimony of Jeremiah Ellixson, hereto attached, marked 'B,' and makes the same part of this information and each and every count thereof."

The testimony of Ellixson referred to in the information was given under oath on the 19th day of April, 1890, in an inquiry made by the county attorney at his office. The state-

ment recited that Ellixson "got some beer last fall, during the day of the republican primary in Sedan, from Philip Smith and Pat. Nulty. I paid Philip Smith once for it, and I think I got some once in which Pat. Nulty made the change." At the close of the evidence the county attorney elected to rely on a sale made to one A. C. Hilligoss for a conviction on the second count. Hilligoss testified that he thought that some time during the year 1889 he bought more than once whisky by the drink from the appellant, and paid him 10 cents per drink for it. He also testified that he could not mention anyone else whom he saw buy intoxicating liquors from Pat. Nulty in the year 1889. The information was filed on the 22d of August, 1890. The county attorney filed a written motion to be allowed to indorse the names of A. C. Hilligoss and others on the information on the 10th day of November, 1890. This motion is supported by an affidavit of the county attorney, in which he states that the testimony of said witnesses did not come to his knowledge in time to make this application at an earlier date. Ellixson was not a witness at the trial of the cause.

Upon this state of facts, we are compelled to reverse the judgment of conviction, and grant the appellant a new trial. It has been decided time and time again by this court that when the information is verified by the oath of a private person, and not by the county attorney, the defendant should not be found guilty of any offense except one of which the complaining witness had notice or knowledge at the time of verifying the information. (*The State v. Brooks,* 33 Kas. 708; *The State v. Skinner,* 34 id. 265; *The State v. Hescher,* 46 id. 534.) It is true that this information is sworn to positively by the county attorney; but he filed with it, and makes a part of it by special and express averment, the sworn statement of Ellixson, and by this means presents to the defendant the particular offense with which he is charged. If he had not done this, but had relied on his own positive verification of the information, the judgment of conviction on the second count would not have been open to the objection made. But

his positive verification is based upon and justified by the sworn statement of Ellixson, incorporated into and made a material part of the information, and hence the information charges the particular offense of selling to Ellixson as detailed in the sworn statement. It is shown conclusively by the record that at the time the information was filed neither Ellixson nor the county attorney had any notice or knowledge of the sale to Hilligoss. Ellixson does not make any statement of such a sale in his examination. The county attorney, in November, makes a motion to have the name of Hilligoss indorsed on the information, for the reason that the knowledge that Hilligoss would swear to an illegal sale had just come to his knowledge. So that it appears that, at the time the information was filed, notice or knowledge of the sale to Hilligoss was not had or possessed either by Ellixson or the county attorney. Apart from the reasons given by Mr. Justice VALENTINE in the Brooks case, if we permit this practice we would encourage county attorneys to file a bill of particulars against a defendant, and at the trial prove an entirely different offense; one of which the defendant had no notice or no time to prepare a defense.

The other reasons urged for a reversal need not be considered. The judgment must be reversed, and a new trial granted. The county attorney can obviate this objection by filing another information, if the offense is not barred by the statute of limitation.

By the Court: It is so ordered.

All the Justices concurring.