## THE STATE OF KANSAS v. BEN WHELDON.
### No. 520.

PROHIBITORY LIQUOR LAW—*on information for keeping a nuisance, sales other than those of which prosecuting witness has knowledge may be proven.* Where the testimony filed with the information fully discloses the fact that the offense of keeping a common nuisance has been committed, it is not error for the court to submit to the jury evidence showing sales of intoxicating liquor other than the ones of which the prosecuting witness had knowledge.

Appeal from Lyon District Court. Hon. W. A. Randolph, Judge. Opinion filed July 21, 1897. *Affirmed.*

*F. B. Dawes*, Attorney General, and *W. C. Simpson*, County Attorney, for the State.

*I. E. Lambert* and *Graves & Dickson*, for appellant.

SCHOONOVER, J. In the District Court of Lyon County, the defendant was charged in four counts with violating the Prohibitory Liquor Law by the unlawful sale of liquor, and in the fifth count by keeping a common nuisance. On the seventh day of October, 1895, the case was tried, and the defendant acquitted on the first four counts and convicted on the fifth count. A motion for a new trial was overruled, and the defendant brings the case to this court.

It is claimed that testimony was improperly ad-

mitted, to the material prejudice of the defendant; that evidence was introduced on the trial showing sales of intoxicating liquor other than those of which the prosecuting witness had knowledge.   The information was verified by the county attorney "on information and belief," and the following sworn statement of a witness filed therewith :

"A. D. McKanna, of lawful age, being duly sworn, testified as follows :   My name is A. D. McKanna, residence Emporia, Lyon County, Kansas ; occupation canvassing agent ; age, twenty-eight years.   I know Ben Wheldon and have known him for about two months.   His place of business is on Commercial Street, in the city of Emporia, Lyon County, known as Wheldon's drug-store, and is house No. 624, Commercial Street.   I was in that drug-store on December 21, 1894.   I went with Olef Johnson, and he and I got a bottle of beer and drank it in there.   We got the beer of some party in the store — do not remember who it was.   I paid for the beer.   L. G. Wilcox came in while I was in there.   He got a drink of either whisky or wine, and drank it there in the back room.   I was in that place again on the twenty-fourth of December, 1894, with Olef Johnson, and treated him to whisky.   We drank the whisky there, back of the prescription case, and Mr. Wheldon was present and saw us drink it. .  I also bought a half pint of whisky of Ben Wheldon at the same time, paid him twenty-five cents for it, and brought it away with me in a bottle.   I was in that place again on January 1, 1895, with C. T. Logsdon.   We drank whisky this time.   We each had a drink and I paid for it.   We got it of one of the clerks, a small, smooth-faced man.   I had a half-pint bottle with me that time, and this same clerk put twenty cents' worth in it, and I carried it away.   I paid him for it.   I was in that place again on January 12, 1895, with W. C. Robinson.   We drank whisky back of the prescription case.   I think Wheldon himself waited on us.   I paid him for it.   I was in that place

652      THE STATE v. WHELDON.

S. Dept.          Opinion.  Schoonover, J.      ·      6 Kan. App.

again on January 18, 1895, with James Rumford and Morgan Rumford. I bought a half pint of whisky of the clerk with a light mustache, and paid him for it and took it away. We each afterwards drank part of it, and I have the rest yet. I saw, at the end of the counter and back of it, and right across from the prescription case, two large bottles which contained the whisky and wine. The beer was gotten in the back room.                    A. D. McKANNA."

Paragraph 2543 of the General Statutes of 1889 provides : "If the testimony so taken shall disclose the fact that an offense has been committed against any of the provisions of this act, the county attorney shall forthwith file such statement, together with his complaint or information against the person having committed the offense, in some court of competent jurisdiction."

This evidence disclosed facts sufficient to justify the county attorney in filing an information against the defendant charging him with the illegal sale of liquor, and also with keeping a common nuisance. It is well settled that the defendant cannot be found guilty of any offense except some offense of which the complaining witness had notice or knowledge at the time of verifying the information. *State v. Brooks,* 33 Kan. 708.

Paragraph 2533 of the General Statutes of 1889 provides : "All places where intoxicating liquors are manufactured, sold, bartered, or given away in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery, in violation of this act, are hereby declared to be common nuisances."

The testimony filed with the information clearly

shows that the complaining witness had knowledge of facts, at the time of verifying the information, sufficient to require the county attorney to file his complaint or information in some court of competent jurisdiction, charging the defendant in error with keeping a common nuisance.

During the trial, the prosecution introduced evidence under the fifth or nuisance count, to the introduction of which the defendant objected on the ground "that it was not one of the cases mentioned in the evidence filed with the county attorney."

The trial court properly admitted the testimony. The gravamen of the offense charged in the first four counts of the information in this case was the unlawful selling of intoxicating liquor, while the gravamen charged in the fifth count was the unlawful keeping of a place for the sale of intoxicating liquor. Under the first four counts, it was necessary to prove unlawful sales, and to prove the sales set forth in the testimony filed with the information; but, under the nuisance or fifth count, where the testimony filed with the information fully discloses the fact that the offense has been committed, it is not error for the court to submit to the jury evidence showing sales of intoxicating liquor other than ones of which the prosecuting witness had knowledge.

The judgment of the court below will be affirmed.