## THE STATE OF KANSAS v. L. E. JOHNSON.

### No. 622.

1. CRIMINAL PROCEDURE—*Issuance of Warrant by Clerk.* The statute authorizing clerks of the district court to issue warrants on informations filed charging defendants with a misdemeanor does not confer on such clerk judicial powers, and is constitutional and valid law. (*The State v. Brooks*, 33 Kan. 708, 7 Pac. 591.)

2. —————— *Witness—Indorsement on Information.* Permitting the state to use the testimony of a witness whose name is not indorsed on the information, the facts being such that the court could have rightfully permitted the name to be indorsed, is not error requiring the reversal of a judgment of conviction. (*The State v. Medlicott*, 9 Kan. 257.)

Appeal from Jackson district court; LOUIS A. MYERS, judge. Opinion filed December 15, 1898. Affirmed.

*C. W. Noble*, for appellee.

*Crane & Woodburn*, for appellant.

The opinion of the court was delivered by

MAHAN, P. J.: This is an appeal from a judgment of conviction under the prohibitory law. The assignments of error are: (1) In overruling the defendant's motion to quash the warrant; (2) in overruling his objection to being tried on the information, and to the introduction of any evidence thereunder; (3) in overruling his objections to the testimony of one Thomas Abel because his name was not indorsed on the information; (4) in overruling the defendant's motion to discharge him; (5) in denying his motion for a new trial; and (6) in denying his motion in arrest of judgment.

All of these assignments, save the third and fourth, present the same question, and that is, that the war-

rant was issued without authority of law because it was issued by the clerk in vacation without any order of the court therefor, and that the statute authorizing the clerk to do so is unconstitutional because it confers on the clerk, a ministerial officer, judicial power. It is unnecessary to go outside of our own supreme court reports for a determination of this question. In the case of *The State v. Brooks*, 33 Kan. 708, 7 Pac. 591, in the third paragraph of the syllabus, the court says :

"And where such information states an offense, and is sworn to positively by some person, it is sufficient of itself to authorize the clerk to issue a warrant for the arrest of the defendant without any finding by the clerk or other person of probable cause to believe the defendant guilty of the offense, and is sufficient to authorize the district court to put the defendant upon his trial."

See also *The State v. Schweiter*, 27 Kan. 505, where it is in effect held that the clerk exercises no judicial power in issuing the warrant, and consequently that the statute confers upon him no judicial power. While it is not so stated in express terms, there can be no other logical inference drawn therefrom.

Under the third assignment of error, counsel contend that the court committed reversible error in allowing the state to examine a witness whose name was not put on the information. It is not contended that the facts would not justify the court in allowing the state to indorse the name on the information, but that the name was not so indorsed. This contention is determined against the appellant by our supreme court in the case of *The State v. Medlicott*, 9 Kan. 257.

The fourth contention is that the court should have discharged the defendant on the sixth count of the information because there was no evidence sufficient in

law to justify a conviction.   We cannot agree with counsel in that regard.   The contention seems to be based upon a typographical error apparent in the record.   The evidence is abundant to warrant a conviction.   There was nothing in the course of the trial occurring to the prejudice of the defendant that would have warranted the court in sustaining his motion for another trial.

The judgment is affirmed.