UNITED STATES v. MEYERS.

(First Division. Juneau. December 3, 1903.)

No. 329b.

1. CRIMINAL LAW—ARREST—PRELIMINARY COMPLAINT—DEFECTS—
WAIVER.

Defendant was arrested for selling liquor to Indians. The
complaint was made before a commissioner, and verified by a
deputy marshal on information and belief—"as I verily be-
lieve." Defendant asked for a continuance, and gave bond for
his further appearance, at which time his counsel moved to dis-
miss the complaint because of defective verification, which was
denied, and the defendant was tried, found guilty, and sen-
tenced. He appealed to the district court, where his motion was
urged anew. *Held* that, by voluntarily giving bonds for his
further appearance, defendant had waived not only the defective
verification of the complaint, but his constitutional objection
that the complaint did not show probable cause by reason of such
defect.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal
Law, §§ 431, 432.]

2. SAME—AMENDMENT ON APPEAL.

Where an accused is arrested on a criminal complaint made
before a commissioner, tried and found guilty, and appeals to
the district court, upon his objection to the form of the com-
plaint it may be amended under section 449 of the Code, and he
may be tried de novo on the amended charge.

3. SAME—MOTIONS—PLEADINGS.

A motion, to be available either in criminal or civil matters,
must state in terms the specific nature of the objection made
to the complaint or indictment, and if it fails in this respect
it may be treated as a nullity, and passed by the court without
consideration.

On the 30th day of August, 1902, one George A. Hill, a
deputy marshal, filed in the commissioner's court at Douglas,
Alaska, a complaint against one Antone Meyers, charging him
with having sold intoxicating liquor to an Indian. The com-

plaint is sworn to before the commissioner in the following terms: "I, George A. Hill, being first duly sworn, depose and say the foregoing complaint is true, as I verily believe. [Signed] George A. Hill."

Upon this complaint a warrant was issued, and the defendant was arrested and brought into court. On the 1st day of September, 1902, the defendant appeared in court, and the complaint was read to him, whereupon he pleaded not guilty. The defendant then asked a continuance of the case until the 3d day of September, that he might have time to procure counsel. Upon his giving bond for his further appearance before said justice in the sum of $100, the continuance was granted. On the 3d day of September, 1902, the defendant again appeared in said commissioner's court with his counsel, and filed his motion to dismiss the complaint. The motion was overruled, a jury was demanded, the defendant was tried, and found guilty as charged in the complaint. Thereupon the judgment of the court was pronounced whereby the defendant was adjudged to be imprisoned in the jail for four months, and that he pay the costs of the action, taxed at $40.20. Notice of appeal was thereafter served upon the United States Attorney by W. E. Crews, counsel for the defendant, T. R. Lyons, assistant district attorney, accepting service on said notice on behalf of the United States; and thereafter the appeal was perfected, and a transcript of the justice docket, together with the various papers, were filed in this court on September 13, 1902, as appears by the indorsement thereon signed by the clerk of this court.

The case being in this court, counsel for defendant called up the motion he made in the court below, and here asks its consideration. Without considering the question as to whether the motion in the court below is in this court for consideration, I proceed to the matter specially urged by counsel in support thereof. The motion is as follows:

"In U. S. Commissioners Court, District of Alaska.

"United States of America v. Antone Meyers.

"Comes now the defendant, and moves the court to dismiss the complaint in the above-entitled cause for the reason that the same is not properly verified as by law required.

"W. E. Crews, Attorney for Defendant."

W. E. Crews, for the motion.

T. R. Lyons, Asst. Dist. Atty., for the United States.

BROWN, District Judge. In argument in this court the contention of counsel for defendant was that the warrant issued for the arrest of the defendant was not founded upon probable cause, and that the proceeding in the arrest and trial of defendant, Meyers, was therefore void; that the verification attached to the complaint contained the words "as I verily believe"; that for that reason it was not the verification required by law, and therefore the warrant was improperly issued; that under the Fourth Amendment to the Constitution of the United States the verification must be positive in terms, or it would not furnish probable cause for the issuance of the writ. The Fourth Amendment to the Constitution declares that:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation describing the place to be searched or the person to be seized."

Mr. Justice Bradley of the Supreme Court of the United States (3 Wood, 502) established the following rule:

"In other words, the magistrate ought to have before him the oath of the real accuser, presented in the form of an affidavit, or taken down by himself on a personal examination, exhibiting the facts on which the charge is based and on which the belief or suspicion of guilt is founded."

The rule which was established was that the warrant should issue only upon probable cause, supported by oath or affirmation

of the person making the charge, in which should be stated the facts within his knowledge constituting the grounds of such belief or suspicion.

Counsel for the defendant cites many authorities in support of his proposition presented in argument that the affidavit on information and belief is insufficient without the person making it claims to have some knowledge or information of the facts. But it is to be remembered that this objection goes to the warrant; that is, that the warrant was issued without probable cause, and that the defendant had been seized on such a warrant unlawfully and brought before the court. Admitting, then, that what the attorney for the defendant claims is true, is he in a situation in this case to raise the question in the manner that he has raised it at this time?

At the time this motion was filed in the court below the defendant was not being held upon any warrant. The warrant had served its purpose, whether good or bad. The defendant was before the court, had pleaded not guilty to the charge filed against him, and had given bond for his appearance at an adjourned day of court. He was not then held under a warrant, but under an obligation voluntarily given by himself and his sureties to be present in court on a specified date named in the bond.

Again, the question arises as to the nature of the motion itself. Does it properly raise the question which counsel urges in his argument? The case is here on appeal, and not on a writ of error, or in any way whereby the errors of the court below are reviewable. The case is to be tried here de novo, as if originally initiated in this court. It may be tried on the original complaint, as filed in the court below, or it may be tried, under our Code, on an amended complaint filed in this court. As a part of section 449, Carter's Annotated Alaska Code of Criminal Procedure, we have the following provisions:

2 A.R.—11

"The appellate court has the same authority to allow an amendment of the pleadings on an appeal in a criminal action that it has on an appeal in a civil action."

Can there be any possible question that the defect in the complaint in this case, whether merely in matter of form of the verification or other respect, can, under this broad rule fixed by the statute, be so amended as to make it absolutely good, and the defendant be tried upon such amended complaint in this court as though the complaint had been proper in form in the first instance? I am fully convinced that this method of procedure is open to the prosecutor, whatever may be said as to the terms of the particular motion filed by the defendant in the court below, or the circumstances under which the motion is presented here. Does the motion itself, if treated from a technical standpoint, present any matter whatever for this court to pass upon? The motion merely states that the complaint is "not verified as required by law." It does not point out what the defect in the verification is. It does not call the court's attention to the special matter in the verification that the defendant objects to. But the court, under this motion, is to go to the complaint itself, and review all the possible objections (and they are legion) which may be made to the verification, to determine what matter is therein found that renders it objectionable or illegal. This is not good pleading. This is not the object and purpose of a motion, and may be said to present no question whatever for the court to pass upon. A motion, to be available either in criminal or civil matters, must state in terms the specific nature of the objection made to the complaint or indictment, and if it fails in this may be treated as a nullity, and passed by the court without consideration.

In the case of State v. Bjorkland and State v. Iseman (Kan.) 8 Pac. 391, arising out of a violation of a certain section of the prohibitory liquor law of the state of Kansas, it was claimed by the appellants that they were "on all fours" with State v.

Gleason, 32 Kan. 245, 4 Pac. 363, and the court, replying to that proposition, says:   .

"Upon these authorities, we are asked to set aside the warrants under which appellants were arrested, and to reverse the judgment."

There is no question but that State v. Gleason sustains fully the proposition presented in argument by counsel for the defendant in the case at bar, but the Supreme Court of Kansas continues:

"A careful examination of the records makes these cases easily distinguishable from State v. Gleason, supra. In fact the principles embodied in State v. Blackman, 32 Kan. 615, 5 Pac. 173, have more application to the cases at bar than the other decision. It is true that in each of these cases a motion to set aside and quash the warrant was made upon the ground that they were improvidently issued; but at the time these motions were made the warrants had spent their force; so to speak, each warrant was functus officio. Before the filing of these motions, each of the appellants had entered into a recognizance to personally be and appear before the district court to answer the charges contained in the information filed against them, and had also waived arraignment, and pleaded not guilty to the charges. Thereby each of the appellants submitted to the jurisdiction of the court, and answered the information in full. It is true that subsequently the court permitted the appellants to withdraw their plea of guilty, and thereafter motions were made to quash the warrants and discharge the appellants, but these motions were too late because when made, the parties were no longer held under the warrants."

It appears that the cases last referred to are practically on all fours with the case at bar.   In this case the defendant had appeared, pleaded not guilty, and asked for a continuance, and had given bond for his appearance on a future day.   He was not held under the warrant.   The warrant, as the Supreme Court of Kansas says, was functus officio.   The motion made in the Kansas court was to quash the warrant, which undoubtedly was a proper motion under the circumstances.   The motion here is to dismiss the complaint or indictment—a somewhat different proposition.   Whether the question which counsel seeks to reach could be raised at all by a motion in this form

is very dubious. But, considering the motion as one intended to quash the warrant, or as one directly attacking the warrant, the motion must be overruled.

If the motion is to be considered as equivalent to a motion to set aside the complaint, as provided in chapter 9 of our Criminal Code of Procedure, then it is not sufficient in form, and was not made in proper time. Section 83, c. 9, pt. 2, of the Criminal Code reads as follows:

"That the motion to set aside the indictment must be made and heard at the time of the arraignment, unless for good cause the court postpones the hearing to a future time; and if not so made, the defendant is precluded from afterwards taking the objection mentioned in the section last preceding."

By analogy, at least, the proceeding in the justice court, taken on filing the motion to dismiss the complaint, if given the broadest latitude, and construed as meaning a motion to set aside the complaint, according to this section, was not taken or made in time, and could not properly be considered by the court, and there was no error, therefore, on the part of the justice in overruling the motion under the circumstances. The defendant might possibly present a new motion to set aside the complaint, and if such motion were made in proper terms it is believed this court would be compelled to consider it; and unless application was then made by the prosecuting attorney for permission to amend the complaint in accordance with the section before referred to in this opinion, the complaint would be set aside. However, as the motion now stands, it is overruled.