# CASES

### DETERMINED IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF VERMONT.

---

### RUTLAND COUNTY, JULY ADJOURNED TERM, A. D. 1802.

---

*JONATHAN ROBINSON*, Chief Judge.

*ROYALL TYLER,*
*STEPHEN JACOB,* } *Assistant Judges.*

---

### STATE *against* J. H.

*A warrant to apprehend a person charged with a crime upon the complaint of a private informer, cannot legally issue without oath made by the complainant. Though the complaint and the capias recite it was under oath, yet nothing short of the magistrate's certificate can be sufficient evidence that the oath was administered.*

THE defendant had been arrested and examined before Mr. Justice *Horton* upon a charge of wilful and corrupt perjury, upon the complaint of *Amos Colvin*, a *private informer*. The Justice ordered the defendant to recognise with surety in 500 dollars for his personal appearance at and before the Supreme Court now sitting. Upon his failing to procure bail,

State
v.
J. H.

the magistrate issued a mittimus, and returned attested copies of his proceedings into Court.

The defendant came into Court in the custody of the officer serving the mittimus, and moved to be discharged, and that the process might be quashed.

First. Because the complaint was made by a private informer, not under oath.

Secondly. That a private informer could not legally prefer a complaint of this nature.

Upon inspection of the copies of the proceedings of the justice, it appeared, that the complainant had recited in his complaint that it was made *on oath;* but there was no certificate by the Justice of his having administered any oath, and in the *capias* it was not set forth that the complaint was made under oath, but in the mittimus it was.

———— ————, in support of the motion. The personal liberty and reputation of the subject are held so sacred, that by the common law no warrant to apprehend any person for a crime can issue without oath, either personal or official. *Hale's Pleas of the Crown,* p. 595.

The eleventh section of the State Constitution reprobates in express terms warrants issued without oath or affirmation. Perhaps some reliance may be had upon the recital in the complaint and mittimus, that the oath was administered; but the former must be considered as mere form, or at most as the unofficial assertion of the complainant, the latter but a mere recital of the caption of the complaint, and neither can amount to that which can only be considered as evidence of the oath, which is the Justice's certificate

of the administration of the oath to the complainant of date precedent to the issuing of the *capias*.

*Samuel Walker, contra.* We contend the position *totis viribus*, " that at common law every warrant for the apprehension of persons charged with crimes by a private informer, must be supported by complaint under oath."

There are some crimes so aggravated, and the immediate apprehension of the criminal is so apparently for the safety of society, that he may by common law be apprehended even without warrant, and these include all cases of atrocious felony ; and what crime is more felonious or baneful to society, than perjury ? a crime which not only injures individuals, but pollutes the stream of justice at its very fount. It is the duty of all good people, whether in or out of office, to bring such offenders to condign punishment; and if any one, as a private informer, prefers his complaint to a magistrate, it is in the sound discretion of the magistrate to issue his *capias* with or without the oath of the complainant. The crime may be of such magnitude, that a faithful and prudent magistrate, to prevent escape, may order the immediate apprehension of the offender without warrant, and promulgate a hue and cry. In another case he may, from his personal knowledge of the complainant's character for veracity, issue his warrant without oath made. In some cases he may require the oath of the informer; and in all cases it is a subject of discretion to be exercised by the magistrate at the time of issuing the *capias*, and the process cannot afterwards on this account be impeached.

Sergeant *Hawkins* says expressly, " It is safe to set forth, that the party is charged upon oath; *but this is not necessary.*" *Hawk. P. C.* vol. 2. c. 16. s. 17.

*We had hoped* more candour in our opponent than is discovered in his reference to the State Constitution; the eleventh section of which does not reprobate warrants without oath or affirmation *generally*, but is directed against a particular species of warrants.

A people, like individuals, will as frequently guard against those evils which they dread, as against those they feel or have occasion to dread. By our successful struggles for independence, from colonies we have become a nation; and it is curious to observe, that all the State Constitutions bear the marks of our former political servitude. The evils we feared or experienced as colonists, are scrupulously guarded against by bills of unalienable rights, when to the reflecting mind it is apparent, that few or none of those evils are experienced or to be apprehended in our state of sovereignty.

The framers of the constitution of *Vermont* had undoubtedly heard of the Secretary of State's warrants, and of the celebrated case of *Wilkes* and the King's messengers, in the mother country; to encourage the revolutionary spirit these things were actively disseminated among the people. They therefore, not clearly distinguishing between that restraint upon the royal prerogative, which by progressive steps has established *English* liberty, and which should ever be precious to Englishmen, and that restraint upon magistrates elected in our republican mode, who hold their brief authority on the annual

State
v.
J. H.

good opinion of the people, inserted the eleventh sec-
tion of the constitution, which declares,

" That the people have a right to hold themselves,
their houses, papers and possessions free from search
or seizure; and therefore warrants without oath or
affirmation first made, affording sufficient foundation
for them, or whereby any officer or *messenger* may
be commanded or required to search suspected
places, or to seize any person or persons, his, her or
their property, not particularly described, are contrary
to that right, and ought not to be granted."

But if the oath of the complainant should be con-
sidered as necessary to the validity of the present
process, we consider, that in this case such oath
was actually administered, and that there is sufficient
evidence of it in the process.

The very act of issuing a *capias* upon a complaint,
which recites that it was made under oath, is a recog-
nition by the magistrate of the oath's having been ad-
ministered. But we do not rest here. We shew the
magistrate's express declaration under his official
signature to the mittimus, that the oath had been
duly administered.

Process quashed. Defendant discharged.

——— ———, for the motion.
*Samuel Walker*, contra.