# Lloyd v. The State.

### Prosecution in County Court for Gaming.

1.   *Affidavit for warrant of arrest ; before whom made.*—Neither the general statute regulating criminal prosecutions in the County Court (Code, § 4702), nor the statute increasing the criminal jurisdiction of that court in Madison county (Sess. Acts 1876–7, p. 149), confers on the clerk of that court the power to administer an affidavit, on which a warrant of arrest may issue.

FROM the County Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

The prosecution in this case was commenced by an affidavit made and subscribed by Ed. Morris, before Thomas J. Taylor, the clerk of said court, charging *Tim Stone* with playing cards at a public place, and also with betting at a game of cards played at a public place; and a warrant thereupon issued by the presiding judge of the court, commanding the arrest of "Tim Stone, *alias* Jim Lloyd." The defendant having been arrested under this warrant, and the case coming on for trial, he "moved the court to dismiss the complaint and proceedings, because said complaint and affidavit was made before the clerk of the court, and not before the judge thereof;" and he reserved an exception to the overruling of this motion.

O. R. HUNDLEY, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The taking of an affidavit, and the issue of a warrant of arrest, impose duties in their nature judicial. The statute raising the jurisdiction of County Courts in Madison county, confers no power on the clerk to administer such oaths. Pamph. Acts 1876–7, p. 149; Code of 1876, § 4702.

We reverse the judgment of the County Court, and remand the cause, that the court may quash the affidavit. Let the defendant remain in custody, until discharged by due course of law.