## STATE *v.* A. F. FREEMAN.

*Criminal Law. Pleading. Amendment. R. L. s. 1642. Constitution of Vermont, Ch. 1, Art. 11. Breach of Peace. Oath.*

1. It is not necessary that the oath to the complaint of a private prosecutor for a breach of the peace be taken by the magistrate who issued the warrant; but it may be taken by a notary who is authorized to administer oaths.
2. When the complaint of a private prosecutor has been sworn to before the warrant was issued, but no certificate of the oath was appended thereto, the defect is one of form, and an amendment is allowable.

COMPLAINT by a private prosecutrix for a breach of the peace. Heard on a motion to quash, December Term, 1886, WALKER, J., presiding. Judgment that the motion be overruled.

The cause was a complaint of a private prosecutrix before a justice, and came to the County Court on appeal. Motion to quash was made in the justice court on the ground that it did not appear that the complaint was sworn to by the complainant. The motion was overruled, and the notary public was allowed to append the certificate of oath to the complaint, and the court found that it was sworn to before the warrant was issued. The other facts are stated in the opinion.

*D. C. Denison & Son,* for the respondent.

A warrant upon the complaint of a private informer cannot lawfully issue without oath of the complainant; and this must appear by the magistrate's certificate. *State* v. *J. H.* 1 Tyler, 444; 11 Vt. 339; Vt. Con. Art. 11. The magistrate ought to know that the oath has been taken before the warrant is issued. *Muzzy* v. *Howard,* 42 Vt. 23. The complaint should show that it is presented by one having proper authority. *State* v. *Soragan,* 40 Vt. 450. The court should have jurisdiction of the process. *Congdon* v. *Vaughn,* 56 Vt. 117; *Carleton* v. *Taylor,* 50 Vt. 220. Here there is no process. *Morgan* v. *Hughes,* 2 Term, 225.

*C. B. Stickney,* for the State.

The defect was formal, and an amendment was properly allowed. R. L., s. 1642. The case of *State* v. *J. H.* Tyler, 444, was decided before the passage of the statute of 1870, s. 1642. The oath may be administered by a different officer than the examining magistrate.

The opinion of the court was delivered by

VEAZEY, J. This was a complaint by a private prosecutrix for breach of the peace. The motion to quash was put on two grounds, viz. : first, that the prosecutrix did not make oath to the complaint; second, that no certificate of an oath was appended to the complaint before arrest of the respondent under the warrant.

As to the first point, it appears that an oath was taken, but it was by an officer authorized by statute to administer oaths R. L., section 4555—other than the magistrate who issued the warrant. The constitution, ch. 1, article 11, forbids the issuing of any warrant without oath or affirmation first made. *State Treasurer* v. *Rice,* 11 Vt. 339. Must such oath be taken before the magistrate issuing the warrant, or may it be taken before another magistrate? The statutes are silent on the point. The substantial thing required in the constitu-

State *v.* Freeman.

tion is that the complaint be on oath. There is nothing in the form of the oath upon which the magistrate issuing the warrant is called upon to pass. Any form from which the idea can be collected is sufficient, as " taken and sworn before me." Bish. Cr. Pro. s. 231; *Commonwealth* v. *Bennett*, 7 Allen, 533; *Commonwealth* v. *Wallace*, 14 Gray, 382. The complaint must adequately charge an offense. Bishop, s. 230, and cases there cited. Therefore, the magistrate must see the complaint in order to determine whether it furnishes sufficient foundation for a warrant. It stands like a *capias* in civil process issued upon affidavit. The right to the *capias* depends on compliance in the affidavit with the statutory requirements; therefore, the magistrate must see it in order to pass on its sufficiency, as held in *Muzzy* v. *Howard*, 42 Vt. 23; but the oath to it may be before another officer authorized to administer oaths. So we think it may be as to a complaint.

The next objection is that there was no certificate of the oath to the complaint. It is urged, in answer, that this was a mere formal defect, and was amendable under section 1642, R. L. That section provides that formal defects may be amended under demurrers and motions to quash before the jury is sworn.

The statutes neither require the oath to be appended or certified, nor do they prescribe a form of complaint. The oath had been taken, in fact, prior to the warrant.

In *State* v. *J. H.* 1 Tyler, 444, it was held, under a motion to quash, that nothing short of the magistrate's certificate can be sufficient evidence that the oath was administered; and that case is relied upon by this respondent. The case contains no discussion by the court. The question was not raised before the magistrate who issued the warrant, but in the County Court. We do not understand it was a decision that an amendment of the complaint could not have been allowed by the magistrate when the respondent was before him, or even by the County Court when the motion to quash was made, so as to show an oath was taken if such had been

the fact. When the motion to quash in this case first came before the magistrate he permitted an amendment of the complaint by allowing the notary who administered the oath to append his certificate of it, so that he then had the evidence which the case in Tyler holds is essential. The amendment did not change the body of the complaint, or touch any allegation in it, or affect the amount or kind of proof required. It simply made the complaint show on its face what it was in fact. It was not the addition of a fact by the court upon proof of its existence, but the addition of the certificate of an oath by the officer who administered it, like the amendment of an officer's return by the officer, or the copies of an appeal by the magistrate who tried the case, to make the paper express what actually occurred. Under the English practice amendments of informations were allowed after a plea in bar—*Rex* v. *Wilkes*, 4 Burr. 2527—and even after objection by plea in abatement. *Rex* v. *Seawood*, 2 Ld. Ray. 1472; s. c. 2 Str. 739. It would be easy to sustain upon authority an amendment for substance even, under a motion to quash, but for the implication of our statute to the contrary. But, without touching that question here, in the absence of prescribed form by statute, or of specific statutory requirement that the oath to the complaint shall be certified thereon before issuing a warrant, we think the omission constitutes but a formal defect which is amendable under the statute cited. The case of *State* v. *Soragan*, 40 Vt. 450, was before this statute was enacted.

Judgment affirmed, and cause remanded.