*G. F. Gober, G. B. Walker,* and *H. B. Moss,* for plaintiff.

*J. P. Brooke,* for defendant.

---

## COX *v.* PERKINS.

A criminal warrant consists both of the affidavit upon which it is based and the precept of the officer. The taking of the affidavit imposes duties in their nature judicial.

(a) The powers conferred upon the clerk of the municipal court of Atlanta, under section 23 of the act approved August 20. 1913 (Acts 1913, pp. 145, 155), are not judicial in character.

(b) An affidavit taken before a deputy clerk of the municipal court of Atlanta, not in the presence of a judge of that court, will not furnish a sufficient foundation for the issuance by a judge of the municipal court of Atlanta of a warrant to arrest an accused person.

No. 2155.　JUNE 18, 1921.

Questions certified by Court of Appeals (Case No. 11113).

*McCallum & Sims,* for plaintiff in error.

*Joseph A. Morris* and *George P. Whitman,* contra.

GEORGE, J. The Court of Appeals certified to the Supreme Court the following questions:

" 1. Is a criminal warrant issued by a judge of the municipal court of Atlanta invalid for the reason that the affidavit upon which it was based was made before a deputy clerk of the court, not in the presence of the judge? In other words, has a deputy clerk of the municipal court of Atlanta authority to take an affidavit which is to be the basis of a criminal warrant, or is such authority confined to a judge of the court?

" 2. Does an affidavit and warrant which charges a person with ' conversion of proceeds of sale under section 190 of the Criminal Code of Georgia ' set out any offense under the laws of Georgia?

" 3. The petition in paragraph 7 alleges that ' said defendant has not persisted in his said complaint, but has deserted and abandoned the same, and said prosecution is now fully determined and ended.' The petition further shows that the warrant was issued on October 1st, that the plaintiff was tried on October 3d, and that the present suit for damages was filed on October 14th. The petition fails to show that the plaintiff has not been indicted by the grand jury of the county, or that a grand jury has been in session without the return of an indictment against the plaintiff, or that a reasonable time has elapsed since October 3d within which prosecution could have been carried on by the defendant. Was the petition subject to a demurrer which averred ' that it appears, as a matter of law, that said alleged prosecution has not been fully determined and ended, as alleged in paragraph 7 of said declaration, and that it likewise appears from said declaration that this action has been prematurely brought, and no cause of action is set forth? '

" 4. No special damages were sued for, but suit was brought

for $10,000, general damages. Paragraph 8 of the petition is as follows: ' By reason of which said several premises the plaintiff has been and is greatly injured in his reputation, and brought into public scandal, infamy, and disgrace among all of his neighbors and other good and worthy citizens of the State; and divers of the said citizens and neighbors, to whom his innocence in the premises was and is unknown, have by reason of the premises suspected and believed, and do suspect and believe, that the said plaintiff has been and is guilty of felony.' Was this paragraph subject to the following demurrers: .' This defendant demurs specially to the allegations of paragraph 8 of said declaration, and says that said allegations setting up alleged damages are mere conclusions of the pleader, and are not allegations of fact, and said alleged damages are too remote, speculative, and uncertain to be the basis of a demand for damages therefor; and said allegations are immaterial and irrelevant as to any issue in this case? "

Section 35(a) of the act approved August 20, 1913 (Acts 1913, pp. 145, 161), establishing the municipal courts of Atlanta, provides that " any judge of said court shall have power to issue a warrant for the arrest of any offender against the penal laws, based either on his own knowledge or on the information of others given to him under oath." Section 23 of the act (page 155) enumerates the powers and duties of the clerk of the municipal court, and in part declares that " All purely ministerial duties which, under the laws of this State, are performable by a justice of the peace or a notary public ex-officio justice of the peace, and any such duties prescribed by the rules of said court, shall be performable by the clerk, or his deputies. The clerk and deputy clerks of said court may administer oaths and take affidavits, but shall not have the power to attest deeds and similar instruments." The Penal Code, § 789, declares that justices of the peace " have criminal jurisdiction in the following instances: . . In issuing warrants for the apprehension of any person charged on oath with a violation of any portion of the Penal Code, or who is so known to them officially. . ." The Penal Code, § 903, provides that " Any judge of a superior, city, or county court, or justice, or any corporation officer clothed by law with the powers of a justice, may issue his warrant for the arrest of any offender against

the penal laws, based either on his own knowledge or the information of others given to him under oath." It thus appears that the judges of the municipal court of Atlanta have the power and jurisdiction of justices of the peace in the matter of issuing criminal warrants. The material portion of section 35 (a) of the act establishing the municipal court of Atlanta is identical with the code provision on the subject. The clerk of the municipal court of Atlanta has no power to issue a criminal warrant. He has the power to administer oaths and take affidavits. In *Wright* v. *Davis,* 120 *Ga.* 670 (5) (48 S. E. 170), it was held that " An affidavit upon which an accusation in the city court of Wrightsville is based is not void because made before and attested by the clerk of such court." In *Shuler* v. *State,* 125 *Ga.* 778 (54 S. E. 689), it was held that an accusation in the city court of Bainbridge may be framed by an affidavit attested by a commercial notary public, by virtue of the authority to administer oaths conferred upon such officers by the political code. In the course of the opinion Evans, J., said: " Inasmuch as there is nothing either in the general law or the local act prohibiting a commercial notary public from attesting the affidavit, we see no reason why the remainder of the pleadings, to wit, the accusation, can not be based on such affidavit, although it may not furnish the basis for issuing a warrant for the apprehension of the defendant." In *Mitchell* v. *State,* 126 *Ga.* 84 (54 S. E. 931), it was held that an affidavit made before a commercial notary public is sufficient as a basis for framing an accusation in the city court of Atlanta, but " whether such an affidavit would furnish a sufficient foundation for the issuance, by the judge of the criminal court, of a warrant to arrest the accused person, quere." This court has recognized that " the issuing of a criminal warrant by a justice of the peace is a judicial act, performed by a judicial officer, and is the beginning of a judicial proceeding, but it is not the act of a court." *Ormond* v. *Ball,* 120 *Ga.* 916 (4), 921 (48 S. E. 383). See also *Herring* v. *State,* 119 *Ga.* 709, 715 (46 S. E. 876). In *Ormond* v. *Ball,* supra, Cobb, J., speaking for the court, said: " It so happens that under our law the only officers who are authorized to issue warrants are judicial officers, but there is no reason why this authority should not be by the General Assembly vested in officers whose other duties are purely ministerial, such

as clerks, sheriffs, and the like." It is unquestionably true that the issuance of a criminal warrant is judicial in its nature. In Ex parte Bollman & Swartwout, 4 Cranch, 75 (2 L. ed. 554), — opinion by Chief Justice Marshall, it was held that a person may .be committed for a crime by one magistrate upon an affidavit made before another. In State v. Freeman, 59 Vt. 661 (10 Atl. 752), it was held: "It is not necessary that oath be made by a private prosecutor before the magistrate issuing the warrant; if made before any officer authorized to administer oaths, before the warrant is issued, it is sufficient. But the magistrate must determine as to its sufficiency before he can issue the warrant." In the report of that case the facts are not given, and it is not clear whether the oath was taken before another magistrate or before an officer authorized by statute to administer oaths merely. In the opinion, by Veazey, J., it is said: "As to the first point, it appears that an oath was taken, but it was by an officer authorized by statute to administer oaths,  . .  other than the magistrate who issued the warrant. The constitution (chapter 1, art. 11) forbids the issuing of any warrant without oath or affirmation first made. State Treasurer v. Rice, 11 Vt. 339. Must such oath be taken before the magistrate issuing the warrant, or may it be taken before another magistrate? The statutes are silent on the point. The substantial thing required in the constitution is that the complaint be on oath. There is nothing in the form of the oath upon which the magistrate issuing the warrant is called upon to pass. Any form from which the idea can be collected is sufficient as ' taken and sworn by me.' 1 Bish. Crim. Pro. § 231; Com. v. Bennett, 7 Allen, 533; Com. v. Wallace, 14 Gray, 382. The complaint must adequately charge an offense. Bish. Crim. Proc. § 230, and cases there cited. Therefore the magistrate must see the complaint, in order to determine whether it furnishes sufficient foundation for a warrant. It stands like a capias in civil process issued upon affidavit. The right to the capias depends on compliance in the affidavit with the statutory requirements; therefore the magistrate must see it, in order to pass on its sufficiency, as held in Muzzy v. Howard, 42 Vt. 23; but the oath to it may be before another officer authorized to administer oaths. So we think it may be as to a complaint." In **16 C. J.** 289, § 496, it is said: "In the absence of a statute re-

quiring that the oath to an information be taken before the judge or the court issuing the warrant, it may be taken before any officer authorized to administer such an oath. When the matter is regulated by statute, and a particular officer is named before whom the information or affidavit must be sworn to, the statute must be followed. Generally the complaint or affidavit must be made and verified before a magistrate or judge; it cannot be made and verified before a clerk of the court or before a notary public, unless the statute permits the oath to be administered by a clerk or a notary." In People v. Nowak, 5 N. Y. Supp. 239, it was held that an affidavit made before a notary public was insufficient as the foundation of a criminal warrant, in view of the code of criminal procedure, which provided, in substance, that when an information is laid before a magistrate he must examine the informant and his witness on oath; while in State ex rel. Bryant v. Lauver, 26 Neb. 757 (42 N. W. 762), it was held that an affidavit made before the clerk of the district court would furnish sufficient foundation for the issuance of a criminal warrant, in view of the criminal code which in substance declared it to be the duty of the magistrate to issue a warrant whenever a complaint in writing and upon oath shall be filed with him. In Loyd v. State, 70 Ala. 32, it was held that the clerk of the county court of Madison county could not administer an affidavit on which a criminal warrant may issue, in view of the code and of the statute increasing the jurisdiction of that court in Madison county. In the opinion it was said that " the taking of an affidavit and the issue of a warrant of arrest imposed duties in their nature judicial." In People v. Colleton, 59 Mich. 573 (26 N. W. 771), the question was whether the clerk of the police court of the City of Grand Rapids had power to take the complaint and issue the warrant upon which the defendant was arrested. It was held that in so far as the act of the legislature there under consideration authorized the exercise of such judicial powers by the clerk, the act was unconstitutional. The Michigan statute provided that the complaint should be made to a justice of the peace or a police justice, and that it must be made to appear from the examination of the witness that the offense had been committed before he should issue his warrant for the arrest of the defendant. In the opinion, by Sherwood, J., it was said: " The taking of the complaint, and the

examination of witnesses, and the determination therefrom wheth-
er or not the offense has been committed preliminary to the issu-
ing of the warrant, involves judicial action, which can only be
taken by a court, and which can not be performed by a clerk;
neither can the power to perform it be conferred upon that officer,"
under section 1 of article 6 of the constitution. Cases from other
jurisdictions might be cited, but those referred to are sufficient to
show that the question here presented is generally controlled by
statute.

The Penal Code, § 789, par. 2, merely defines the jurisdiction of
justices of the peace in criminal matters. It does not undertake to
prescribe the form of the affidavit or warrant, nor does it designate
the officer before whom the affidavit (the foundation of the war-
rant) is to be made or taken. The Penal Code, § 903, in express
terms declares that " any judge of a superior, city, or county
court, or justice of the peace, or any corporation officer clothed
by law with the powers of a justice of the peace, may issue his
warrant for the arrest of any offender against the penal laws."
The warrant may be based either on the officer's own knowledge
" or the information of others given to him under oath." Sections
905 and 906 prescribe the form, repectively, of the affidavit and
warrant, and the form of the affidavit and warrant indicate that
the oath of the prosecutor is to be made before the officer issuing
the warrant. Section 908 expressly provides that the officer issuing
the warrant may, " upon any sufficient ground of suspicion,  .   .
require the applicant for the warrant to file a bond with sufficient
sureties to prosecute the suit in the event of a committal." While
our code does not expressly declare that the oath is to be made
before the magistrate or officer issuing the warrant, the sections
quoted above clearly contemplate that the affidavit is to be made be-
fore the magistrate, or at least before an officer clothed with judi-
cial power. The taking of the affidavit involves the examination
of the complaining witness (generally called the prosecutor) and
the determination therefrom whether an offense has been commit-
ted, and this action can not be performed by a mere ministerial
officer. The substantial thing required by both our constitution
and code is that probable cause for the arrest must exist, and that
the complaint (the basis of the warrant) must be made on oath
(unless the warrant is based on the magistrate's own knowledge).

We are of the opinion that an affidavit taken before a deputy clerk of the municipal court of Atlanta, not in the presence of a judge of the court, will not furnish a sufficient foundation for the issuance, by a judge of that court, of a warrant to arrest an accused person. Nothing here ruled is in conflict with the ruling in *Barnard* v. *DuPree,* 149 *Ga.* 796 (2), 798 (102 S. E. 422), where it was held that the powers given to the clerk of the municipal court of Atlanta, under the 28th section of the act of the General Assembly establishing the court, to issue attachments and summons of garnishment, were not judicial in character.

In view of the foregoing, it is unnecessary to answer the second question propounded by the Court of Appeals. Questions Nos. 3 and 4 are not such questions as this court is required to answer, under the ruling in *English* v. *Rosenkrantz,* 150 *Ga.* 817 (105 S. E. 613).                    *All the Justices concur.*