23870. BUSH, Justice of the Peace v. WILCOX, Judge.

SUBMITTED JANUARY 9, 1967—DECIDED FEBRUARY 9, 1967.

*Burch & Boswell, Hamilton Burch, John S. Boswell, Sr.*, for appellant.

ALMAND, Presiding Justice. Charles H. Bush alleged in his petition that he was Justice of the Peace of the 1199th District, G. M., Quitman, Georgia, and that L. R. Wilcox as Judge of the Small Claims Court of Brooks County had acted without authority of law in issuing criminal warrants and holding committal hearings in that the jurisdiction of the Small Claims Court of Brooks County extended only over civil cases at law in which the demand or value of the property involved does not exceed $500. Further, it was alleged that the defendant was encroaching upon the duties, responsibilities, and privileges of petitioner and assuming illegally, unlawfully, and wrongfully the powers and duties of the office of justice of the peace.

The petitioner prayed that the defendant be restrained from issuing criminal warrants.

In response to the rule nisi for a temporary injunction, the court after a hearing denied the petitioner's prayers. The appeal asserts that the order is error.

The General Assembly (Ga. L. 1963, p. 2896) created and established the Small Claims Court and conferred upon the Judge of the Small Claims Court of Brooks County certain powers. Section 1 of said Act provides that "there is hereby created and established in each county in this State having a population of not less than 15,230 and not more than 15,825, according to the U. S. Census of 1960 or any such future census, a court known as a Small Claims Court, which court shall have

civil jurisdiction in cases at law in which the demand or value of the property involved does not exceed five hundred ($500.00) dollars, said jurisdiction to be concurrent with the jurisdiction of any other court or courts now or hereafter established in said counties. Said jurisdiction shall include the power to issue writs of garnishment and attachment and in addition to the powers herein specifically granted including like powers granted to justices of the peace by the laws of the State of Georgia."

The single question at issue here is whether the Act creating the Small Claims Court of Brooks County empowered the judge of that court to issue criminal warrants. We are of the opinion that under the provisions of *Code* § 27-102 which provides that "Any judge of a superior, city, or county court, or justice of the peace, or any municipal officer clothed by law with the powers of a justice of the peace, may issue his warrant for the arrest of any offender against the penal laws, based either on his knowledge or the information of others given to him under oath" and the provisions of Section 1 of the Act creating the Small Claims Court of Brooks County, the judge of that court has the power to issue criminal warrants for offenses committed in that county.

It was not error to deny the prayers for an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*