## 60810. THORNTON v. THE STATE.

BIRDSONG, Judge.

Thornton appeals his conviction for theft by sudden snatching, enumerating the five errors below. *Held:*

1. Thornton contends the trial court erred in denying him a supersedeas bond pending his appeal. He argues that the trial court failed to follow the four-pronged test set forth in *Birge v. State,* 238 Ga. 88 (230 SE2d 895) to determine his right to bail. The trial judge denied bail because he believed the appeal to be frivolous and he was not convinced the defendant Thornton would remain available to answer the judgment. Regardless of the merits of the trial judge's belief that the appeal is frivolous, we cannot say he erred in concluding that if granted bail, Thornton might not appear to answer the final judgment. The trial judge had advantage of all the evidence adduced at trial as well as personal observation and impressions of the defendant. The record shows that Thornton had failed to appear at the time scheduled for trial and had to be brought in to court, and the sheriff gave his opinion that Thornton might skip out pending the appeal. Thus at least one of the grounds in *Birge* was fully met. It follows the trial court's denial of supersedeas bond was not a flagrant abuse of discretion in evaluating the standards set forth in *Birge,* supra.

2. After his first motion to suppress was denied, appellant made an amended motion to suppress on grounds that he had discovered in the meantime that the arrest warrant underlying the search had been issued by a juvenile court judge who had no authority to issue an arrest warrant for an adult. The trial court agreed with the defendant that the juvenile judge had no jurisdiction or authority to issue the arrest warrant, but held that the invalidity of the warrant did not infect the sheriff's probable cause to search. We agree with the trial court's result, but we see no reason to conclude that a juvenile judge has no authority to issue arrest warrants for adults. Code Ann. § 27-102 provides that "any judge of a superior, city, or county court, or justice of the peace, or any municipal officer clothed by law with the powers of a justice of the peace, may issue his warrant for the arrest of

any offender against the penal laws. . . ." The juvenile court is a county court (see Code Ann. § 24A-201). See, similarly, *Bush v. Wilcox,* 223 Ga. 89 (153 SE2d 701). We see no valid reason that the juvenile court judge should be without authority to issue criminal warrants, while other courts of likewise limited jurisdiction may issue criminal warrants. Even the judge of small claims court, which is entirely civil in nature, has authority to issue criminal warrants. *Bush,* supra. The issuance of a criminal warrant is a judicial act, not an act of the court, *Cox v. Perkins,* 151 Ga. 632 (107 SE 863), and it is the capacity of the individual as a judicial officer which gives the authority to issue the warrant. See *Cox,* supra. A juvenile court judge issues a warrant as a judicial officer, not as judge of the juvenile court with jurisdiction limited to juveniles. The warrant in this case was not invalid because it was issued by a juvenile judge; it therefore could not infect the search of such grounds.

3. Nor did the trial court err in admitting in evidence the material obtained in the search of appellant's vehicle and luggage. The victim of the crime, Mrs. Bell, had driven into the bank parking lot in Douglasville, intending to deposit some $20,000 in cash and checks, when a man approached her car, asked for the money, and then snatched it from her. The money was in two brown paper bags, one inside the other. The robber jumped in a peculiarly described car, which was driven by another, and they made their escape. An alert bank employee supplied the vehicle's license number to the sheriff, who in short order traced the car's owner to Atlanta. The owner stated he had lent the car to the appellant Thornton during the time of the robbery; Thornton was quickly traced to one or two possible locations in Douglasville. The sheriff had Thornton's physical description. He obtained a warrant for Thornton's arrest, and the next morning saw Thornton leave one of the described locations with two females. The trio drove off in a car but the sheriff stopped the vehicle and placed Thornton under arrest. While standing outside the car, the sheriff saw in the back seat a two-handled leather bag which contained "a brown paper bag inside a brown paper bag." He could see the double brown paper bag inside the leather bag. He asked appellant and the two women if the bag was theirs, and each said no. The sheriff then seized the bag. We see no impermissible search and seizure here at all. The seizure was incident to a lawful arrest and was upon reasonable grounds. Moreover, the double brown bag was in plain view. The seizure here was entirely reasonable, and what was produced thereby was admissible.

4. The trial court did not err in charging the jury relating to admissions and confessions. There was evidence that appellant Thornton told the sheriff that he knew Pat Lindsay, who worked for

Mrs. Bell and who (other evidence showed) knew Mrs. Bell would make the deposit; that he and another person had gone to the bank and waited on this lady to make a deposit; that he drove the car and the other person took the money; that they went back to Atlanta and divided the money; and the money in the bag was part of Thornton's share. We do not find that the charge was fatally misleading or confusing, when viewed as a whole, *Moses v. State,* 245 Ga. 180 (263 SE2d 916), nor that it was unauthorized by the evidence.

5. Appellant argues that the judgment should be reversed because he was denied his right to closing argument. Appellant introduced no evidence and under Code Ann. § 27-2201 should have had the right to opening and closing argument. However, there were two defendants and the trial judge refused to allow them to split the concluding arguments. The trial court erred in this, as appellant contends, but the Supreme Court held in *Seyden v. State,* 78 Ga. 105 (4), 109-110, that while generally such a case would be reversed, where the evidence demands the verdict the error will be called harmless. The evidence in this case does demand the verdict; despite the fact that appellant was wrongly deprived of his right to closing argument, it is highly probable the error did not contribute to the verdict. The robbery car was traced directly to the appellant, who was found in possession of a significant share of the stolen money; he admitted he was friends with the victim's employee who knew where and when the victim would have the money; and he admitted to his participation in the crime. We will therefore not reverse the case for harmless error.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1981 —

*William G. Posey,* for appellant.

*W. A. Foster III, District Attorney, Daniel J. Sammons, Assistant District Attorney,* for appellee.