## 60800. THE STATE v. BELCHER.

QUILLIAN, Chief Judge.

The state appeals the grant of a motion to suppress evidence obtained by the use of a search warrant. *Held:*

The search warrant was issued by a juvenile court judge, not in the course of juvenile proceedings and when no juvenile was involved in the search. The trial judge ruled that a juvenile court judge is not authorized to sign a search warrant for an adult, unless and until the adult is brought before the juvenile court in the course of a proceeding instituted under the juvenile court code.

Code Ann. § 27-303 (Ga. L. 1966, pp. 567, 568) provides that any "judicial officer authorized to hold a court of inquiry to examine into an arrest of an offender against the penal laws . . . may issue a search warrant."

Code Ann. § 24A-3901 (a) (Ga. L. 1971, pp. 709, 755; 1973, pp. 882, 889) provides: "The juvenile court shall have jurisdiction to act as a court of inquiry, with all the powers and rights allowed courts of inquiry in Georgia, and to examine or investigate into circumstances or causes of any conduct or acts of any person 17 years of age or older that may be in violation of the laws of Georgia, whenever such person is brought before the court in the course of any proceeding instituted under this Code."

We reverse and hold that the warrant in this case was not invalid because issued by a juvenile court judge.

Code Ann. § 24A-3901 (a) clearly and explicitly grants juvenile courts *all* the powers and rights of courts of inquiry. This includes the power to issue search warrants under Code Ann. § 27-303, since a juvenile court judge as a court of inquiry is specifically authorized by Code Ann. § 24A-3901 (a) to examine into the arrest of an offender against the penal laws. See *Thornton v. State,* 157 Ga. App. 75; and 26 EGL 258, Searches and Seizures, § 11 (fn. 5). The concluding clause of the first sentence of Code Ann. § 24A-3901 (a) does not limit the grant of authority to act as a court of inquiry; it merely supplements those powers by specifically applying them to a class of persons who are not, by definition, juveniles.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 14, 1981 —

*Frank C. Winn, Assistant District Attorney,* for appellant.

138

*William C. Tinsley II,* for appellee.